1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  In Re:                          Case Nos. 2:12-CV-00940-JAM
                                              2:12-CV-00942-JAM
12  SK FOODS, L.P., A CALIFORNIA              2:12-CV-00943-JAM
    PARTNERSHIP,
13                                  Bankruptcy No. 09-29162-D-11

14          Debtor,                 **ORDER AFFIRMING THE MARCH 27TH**
                                    **ORDER AND AFFIRMING THE MAY 18TH**
15                                  **ORDER AS MODIFIED.**
    NAGELEY, MEREDITH & MILLER,
16  INC.,

17          Appellant,

18      v.

19  BRADLEY D. SHARP, CHAPTER 11
    TRUSTEE,
20
            Appellee.
21

22      Appellant Nageley, Meredith & Miller, Inc., ("Appellant")

23  appeals the Bankruptcy Court's March 27, 2012, and May 18, 2012,

24  orders (Doc. #14). Appellant contests the Bankruptcy Court's

25  decision to award sanctions against Appellant and the amount of

26  sanctions awarded.  Appellee Bradley D. Sharp, Chapter 11 Trustee

27  ("Appellee") opposes the appeal (Doc. #16) and Appellant replied

28  (Doc. #23).  For the reasons stated below, the March 27th order

                                    1

1   is AFFIRMED and the May 18th order is AFFIRMED as MODIFIED.[1]

2

3                    I. FACTUAL AND PROCEDURAL BACKGROUND

4        This appeal arises from the bankruptcy proceedings of SK

5   Foods, an entity previously owned and controlled by Scott Salyer

6   ("Salyer").  Salyer also controlled SCC Farming, Defendant in the

7   bankruptcy proceeding below.

8        On March 20, 2012, the Bankruptcy Court entered a

9   preliminary injunction, enjoining the Slayer entities, including

10  SCC Farming, from using any of their assets for any purpose other

11  than for payments in the ordinary course of business.

12  Appellant's Excerpts of Record, Doc. #15, ("AER") at 1-6.  The

13  preliminary injunction was amended on October 13, 2010, and

14  January 20, 2011.  Id. at 47, 61-63.  Pursuant to the amended

15  preliminary injunction, SCC Farming was allowed to pay reasonable

16  attorneys' fees incurred in connection with the bankruptcy

17  proceeding.  Id. at 61-63.  SCC Farming was required to provide

18  Appellee, among others, with an accounting of these expenditures.

19  Id. at 62.

20       On April 7, 2011, Skadden, Arps, Slate, Meagher & Flom LLP,

21  one of the law firms representing SCC Farming, provided an

22  accounting to Appellee.  Id. at 23, 165.  The accounting included

23  a billing statement prepared by Appellant, who was counsel of

24  record at the time for SCC Farming.  Id. at 23, 77-102.

25       On January 17, 2012, after Farella Braun + Martel LLP

26

27  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28  for December 5, 2012.

                                    2

1  ("Farella") replaced Appellant as SCC Farming's counsel of

2  record, Appellant wrote to Appellee's counsel. Id. at 119, 535.

3  In the letter, Appellant claimed that the billing statement had

4  been inadvertently disclosed. Id. at 119, 535. On January 18,

5  2012, Appellee's counsel responded to the letter, explaining the

6  reasons Appellee believed the billing statement had not been

7  inadvertently produced and raising several questions regarding

8  Appellant's argument. Id. at 536. Appellant did not respond.

9  Id.

10      Appellee then filed an Ex Parte Application for an Order

11  Addressing the Inadvertent Production Claim ("Ex Parte

12  Application"), which the Bankruptcy Court denied on January 19,

13  2012. Id. at 19. Following the Bankruptcy Court's decision,

14  Appellant wrote to Appellee requesting Appellee to retrieve all

15  copies of the billing invoice, but Appellant did not address the

16  January 18 letter. Id. at 536.

17      On January 26, 2012, Appellee again wrote to Appellant,

18  requesting a response to the questions raised in the January 18

19  letter. Id. An attorney employed by Appellant responded to the

20  letter, stating that the attorneys involved in the case could not

21  respond for at least a week or until February 3. Id. On January

22  31, 2012, Appellee once again requested a response to the January

23  18 letter. Id. As of February 10, 2012, when Appellee filed an

24  Inadvertent Production Motion, Appellee had received no response.

25  Id.

26      In the March 27 order, the Bankruptcy Court granted

27  Appellee's Inadvertent Production Motion, holding that the

28  billing statement was not inadvertently produced and awarding

3

1   sanctions against Appellant and SCC Farming jointly and severally

2   for their failure to meet and confer to resolve the inadvertent

3   disclosure issue.  Id. at 22-23.  In the May 18 order, the

4   Bankruptcy Court set the sanction amount.  Id. at 532-33.

5

6                II. APPLICATION TO SUPPLEMENT THE RECORD

7        Both parties have submitted an Application to Supplement the

8   Record on Appeal (Doc. #16, 18).  Documents that were not before

9   the Bankruptcy Court for its consideration when it made the

10  decision being appealed may not be included in the record on

11  appeal.  In re Yepremian, 116 F.3d 1295, 1297 (9th Cir. 1997)

12  (citation omitted) (depositions and a declaration taken after the

13  bankruptcy court granted summary judgment are not part of the

14  record on appeal of that decision and cannot be considered).

15  Here, the standing order submitted by Appellee was before the

16  Bankruptcy Court when it made its determination with respect to

17  the present appeal, but the tentative ruling submitted by

18  Appellant was not.

19       Accordingly, the Court grants Appellee's Application to

20  Supplement the Record on Appeal and denies Appellant's

21  Application.

22

23                        III. JURISDICTION

24       A district court has jurisdiction to hear appeals from a

25  bankruptcy court pursuant to 28 U.S.C. 158(a).  Appellee contends

26  that this Court does not have jurisdiction over the May 18 fee

27  order because Appellant filed no notice of appeal with respect to

28  that order and therefore the fee order is not properly before the

                                4

1  Court.  Appellant argues that the Court should reach and decide

2  the fee award issue because there is no prejudice to the opposing

3  party.

4       The Court finds that the fee order is properly before this

5  Court.  "[A] mistake in designating the judgment appealed from

6  should not bar appeal as long as the intent to appeal a specific

7  judgment can be fairly inferred and the appellee is not

8  prejudiced or misled by the mistake." Lockman Found. v.

9  Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991)

10 (quoting United States v. One 1977 Mercedes Benz, 708 F.2d 444,

11 451 (9th Cir. 1983)).  In this case, Appellee had notice of

12 Appellant's intent to appeal the fee order because the opening

13 brief addresses this order in detail, and there is no prejudice

14 because Appellee has fully briefed all the issues raised.

15 Accordingly, the Court has jurisdiction to hear the appeal of the

16 fee order.  See Simpson v. Lear Astronics Corp., 77 F.3d 1170,

17 1173 (9th Cir. 1996) (holding that the appellee had notice that

18 the appellant intended to appeal both the order imposing

19 sanctions and the order setting the amount based on the opening

20 brief).  The Court need not address Appellant's alternative

21 argument for jurisdiction.

22

23                      IV. LEGAL STANDARD

24      A bankruptcy court's interpretations of the Bankruptcy Code

25 and conclusions of law are reviewed de novo by the district

26 court.  Blausey v. United States Trustee, 552 F.3d 1124, 1132

27 (9th Cir. 2009) (citations omitted).  A bankruptcy court's

28 factual findings are reviewed for clear error.  Id.  Factual

1  review under this standard requires deference to a bankruptcy

2  court.  Moreover, a district court reviews bankruptcy court's

3  decision to impose sanctions under an abuse-of-discretion

4  standard.  In re Dinubilo, 177 B.R. 932, 937 (E.D. Cal. 1993)

5  (citation omitted); see also Payne v. Exxon Corp., 121 F.3d 503,

6  507 (9th Cir. 1997).  A bankruptcy court abuses its discretion

7  "when it bases the award on clearly erroneous legal or factual

8  findings."  Id. (quoting Drucker v. O'Brien's Moving and Storage,

9  Inc., 963 F.2d 1171, 1173 (9th Cir. 1992)).

10

11                    V. ISSUES ON APPEAL

12      Appellant raises eight issues on appeal.  Appellant's

13  Opening Brief ("AOB") at 2-4.  However, its opening brief does

14  not contain separate or distinct arguments with respect to most

15  issues raised.  Therefore, the Court will not address them all.

16  Indep. Towers of Washington v. Washington, 350 F.3d 925, 929 (9th

17  Cir. 2003) (stating that courts "review only issues which are

18  argued specifically and distinctly in a party's opening brief").

19  Accordingly, based on Appellant's opening brief, the Court

20  concludes that the issues on appeal are appropriately stated as

21  follows:

22      A.   Does Federal Rule of Civil Procedure ("FRCP") 37 apply?

23      B.   Was Appellant's position substantially justified?

24      C.   Did the Bankruptcy Court abuse its discretion in

25           awarding sanctions pursuant to its inherent powers?

26      D.   Was the fee award an abuse of discretion?

27

28

1                          VI. ANALYSIS

2          A.    Whether FRCP 37 Applies

3          Appellant argues that the Bankruptcy Court had no authority
4    to award attorneys' fees under FRCP 37, because Appellant was
5    neither a party nor currently representing a party in the
6    bankruptcy proceedings.  Appellant argues that FRCP 37 does apply
7    because the rule extends to the attorney advising the conduct.

8          Pursuant to FRCP 37, made applicable to the Bankruptcy Court
9    by Federal Rule of Bankruptcy Procedure 7037, a party may move
10   for an order compelling disclosure and discovery as long as the
11   party has in good faith conferred or attempted to confer.  Fed.
12   R. Civ. Proc. 37(a)(1).  Moreover, FRCP 37 authorizes an award of
13   attorneys' fees incurred in a motion regarding discovery or
14   disclosure against, "the party whose conduct necessitated the
15   motion . . . or [the] attorney advising that conduct."  Fed. R.
16   Civ. Proc. 37(a)(5).

17         Here, the Bankruptcy Court found that Appellant "put itself
18   in the position of being the firm with whom [Appellee] was to
19   meet and confer and maintained itself in that position."  AER at
20   537.  This Court agrees with the Bankruptcy Court.  Appellant
21   initiated the meet and confer process with its letter, insisted
22   that the billing statement should be returned, and Appellant
23   never informed Appellee that the matter was turned over to the
24   current counsel.  Id.  Therefore, because Appellant was the
25   "attorney advising the conduct," the Bankruptcy Court had
26   authority to award attorneys' fees pursuant to FRCP 37.

27         Accordingly, the Court affirms Bankruptcy Court's finding
28   that FRCP 37 applies.

B.   Whether Appellant's Position Was Substantially
Justified

Appellant argues that sanctions were not warranted pursuant
to FRCP 37 because the Bankruptcy Court did not measure its claim
to determine whether it was substantially justified. Appellee
responds that Appellant's argument misses the point because
Appellee was not sanctioned for making its inadvertent disclosure
claim.  In the reply, Appellant argues that it was Farella and
Appellee who failed to follow the meet and confer rules not
Appellant.

FRCP 37(a)(5) permits courts to award sanctions when it
grants motions compelling discovery or disclosures unless the
party against whom sanctions are awarded forwarded a substantial
justification for its position.  Fed. R. Civ. Proc. 37(a)(5)(ii).
A discovery request is "substantially justified" if "reasonable
people could differ as to whether the party requested must
comply." Srinivasan v. Devry Inst. of Tech., 53 F.3d 340 (9th
Cir. 1995) (quoting Reygo Pacific Corp. v. Johnston Pump Co., 680
F.2d 647, 649 (9th Cir. 1982)).

When a court grants a motion to compel discovery, it may
not award sanctions pursuant to FRCP 37(a)(5) against a party if
the party made a showing that the claim was substantially
justified.  See Srinivasan, 53 F.3d at 340; see also Unigard Sec.
Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th
Cir. 1992) (holding that FRCP 37 sanctions do not apply in cases
when the discovery-related misconduct is not encompassed by the
language of rule).  However, Appellant did not make such a

1    showing.  Even though the Bankruptcy Court based the sanction on

2    Appellant's failure to meet and confer, the Bankruptcy Court also

3    found that the substantive arguments with regard to the

4    inadvertent disclosure claim were neither persuasive nor

5    reasonable.  AER at 23.  As a result, Appellant's claim was not

6    substantially justified.  The Court finds no clear error with

7    this finding.

8         Moreover, the Court finds that Appellant's contention that

9    Farella and Appellee were the ones who failed to follow the meet

10   and confer rules unpersuasive.  The Bankruptcy Court concluded

11   that sanctions were warranted because Appellant "failed to meet

12   and confer in good faith to resolve the issue, thus requiring the

13   [Appellee] to bring the Inadvertent Production Motion."  AER at

14   537.  The Bankruptcy Court based its decision on the factual

15   finding that Appellant never responded to the questions Appellee

16   raised in its January 18 letter.  Id.  In contrast, there is no

17   evidence in the record to suggest that Appellee failed to meet

18   and confer.  Further, as mentioned above, it was Appellant, not

19   Farella, who was under the obligation to meet and confer because

20   Appellant put itself in that position by initiating this dispute

21   through its January 17, 2012 letter.

22        Accordingly, the Bankruptcy Court did not abuse its

23   discretion by awarding sanctions pursuant to FRCP 37.

24        C.   Whether the Bankruptcy Court Abused Its Discretion in
             Awarding Sanctions Pursuant to Its Inherent Powers
25

26        In the alternative, the Bankruptcy Court awarded sanctions

27   under its inherent authority.  Appellant argues that the

28   Bankruptcy Court abused its discretion by awarding sanctions

1   pursuant to its inherent powers without making a finding of bad
2   faith or willfulness and by awarding sanctions against a
3   nonparty.  Appellee responds that the Bankruptcy Court did make a
4   finding of bad faith by finding that Appellant willfully failed
5   to meet and confer.

6       A Bankruptcy Court has the inherent authority to sanction
7   bad faith or willful conduct.  In re Dyer, 322 F.3d 1178, 1196
8   (9th Cir. 2003) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 42-
9   47 (1991)).  Here, the Bankruptcy concluded that Appellant's
10  "role in asserting the privilege, insisting the trustee retrieve
11  copies of and return the documents, and failing to meet and
12  confer constitute willful conduct that warrants the issuance of
13  sanctions."  AER at 537.  The Bankruptcy Court based its decision
14  on the same factual findings mentioned above: Appellant never
15  responded to Appellee's questions even though it put itself in
16  the position of being the firm with whom Appellee was to meet and
17  confer.  Id.  Therefore, the Bankruptcy Court did make a finding
18  of willfulness.

19      Further, Appellant's argument that a court cannot sanction a
20  nonparty except in strictly limited circumstances lacks merit
21  because the Bankruptcy Court found that Appellant was the
22  attorney advising the party's conduct.  The argument is also
23  without merit because a court has the inherent power to impose
24  sanctions against a nonparty to curb abusive litigation practices
25  and against a nonparty whose actions or omissions cause the
26  parties to incur additional expenses.  Corder v. Howard Johnson &
27  Co., 53 F.3d 225, 232 (9th Cir. 1994).

28      Accordingly, the Bankruptcy Court's decision to award

1    sanctions in the alternative pursuant to its inherent authority

2    was not an abuse of discretion and therefore, is affirmed.

3         D.   Whether the Fee Award Is Appropriate

4         Appellee requested $35,280 in fees but the Bankruptcy Court

5    reduced the fee award to $29,557.75 because it found the hours

6    spent on the Ex Parte Application and reply brief to be

7    excessive.  Appellant argues that the award amount in this case

8    was an abuse of discretion because the award was based on San

9    Francisco rates and not community rates and because the fee award

10   included fees for the Ex Parte Application, which was not

11   successful.  Appellee responds that the award was not an abuse of

12   discretion because there is nothing in the record to dispute the

13   Bankruptcy Court's finding that it is within local customs to

14   have San Francisco attorneys handle Sacramento bankruptcy matters

15   and because the Bankruptcy Court reduced the fees for the Ex

16   Parte Application.

17        "Reasonableness is the benchmark for sanctions based on

18   attorneys' fees." Mirch v. Frank, 266 F. App'x 586, 588 (9th

19   Cir. 2008) (citing Brown v. Baden (In re Yagman), 796 F.2d 1165,

20   1184-85 (9th Cir. 1986) amended by 803 F.2d 1085 (9th Cir.

21   1986)).  Recovery should not exceed "those expenses and fees that

22   were reasonably necessary to resist the offending action." In re

23   Yagman, 796 F.2d at 1185.  The starting point for computing

24   reasonable attorneys' fees is the lodestar figure, which

25   represents the number of hours reasonably expended multiplied by

26   a reasonable hourly rate.  See Jordan v. Multnomah County, 815

27   F.2d 1258, 1262 (9th Cir. 1987).  A reasonable hourly rate is one

28   "in line with those prevailing in the community for similar

1   services of lawyers of reasonably comparable skill and

2   reputation." Id. at 1263.  The relevant community is defined as

3   "the forum in which the district court sits." Barjon v. Dalton,

4   132 F.3d 496, 500 (9th Cir. 1997).  However, rates outside the

5   forum may be used "if local counsel was unavailable, either

6   because they are unwilling or unable to perform because they lack

7   the degree of experience, expertise, or specialization required

8   to handle properly the case." Id. (quoting Gates v. Deukmejian,

9   987 F.2d 1392, 1405 (9th Cir. 1992)).

10      In this case, the Bankruptcy Court awarded Appellee

11  attorneys' fees based on the prevailing rates in the community in

12  which counsel is located—the San Francisco area—rather than

13  prevailing rates in the local forum—the Sacramento area.  The

14  Bankruptcy Court found that in particularly large Chapter 11

15  cases, such as this one, parties engage San Francisco counsel and

16  therefore, San Francisco rates were appropriate.  AER at 537.

17  However, the Bankruptcy Court made no factual findings specific

18  to this case showing that local counsel was unavailable because

19  they were unwilling or unable to perform.  Without these

20  findings, an award at rates outside the local forum is

21  inappropriate.  See Gates, 987 F.2d at 1406.  Accordingly, the

22  Court finds that the Bankruptcy Court abused its discretion by

23  awarding fees at San Francisco rates.  In its place, the Court

24  awards the blended rate of $350 per hour, suggested by Appellant,

25  because it conforms to the prevailing rates in the local forum.

26  See AOB at 18.

27      The Bankruptcy Court also awarded fees for the Ex Parte

28  Application.  However, the Bankruptcy Court denied the Ex Parte

1    Application, stating that to the extent Appellee wanted relief

2    from the requirement of Federal Rule of Civil Procedure

3    26(b)(5)(B), Appellee should do so by motion on notice to all

4    appropriate parties.  AER at 17-20.  Because the Ex Parte

5    Application was unsuccessful and unnecessary, the Court finds

6    that those expenses and fees were not "reasonably necessary to

7    resist the offending action" and should not have been awarded.

8    In re Yagman, 796 F.2d at 1185.  Although the Bankruptcy Court

9    reduced the fees for the Ex Parte Application and reply brief by

10   twenty-five percent because those fees were excessive, the

11   Bankruptcy Court abused its discretion by awarding any fees for

12   the Ex Parte Application.  However, the Court finds that the

13   award of all other fees was not an abuse of discretion.  See AER

14   at 538.  Therefore, the total fee award, without the Ex Parte

15   Application and at the $350 per hour rate, is $16,345.

16        Accordingly, the Court reduces the sanction amount to

17   $16,345 and, as reduced, the Court affirms the Bankruptcy Court's

18   judgment.  See Rosensweig v. Bally Total Fitness Corp., 14 F.

19   App'x 765, 766-67 (9th Cir. 2001) (affirming sanctions award as

20   modified); Abdur-Rasheed v. Bellsouth Corp., 951 F.2d 358, at *2

21   (9th Cir. 1991) (affirming attorneys' fee award as modified).

22

23                          VII. ORDER

24        For the reasons stated above, the Bankruptcy Court's

25   March 27th order is AFFIRMED and the May 18th order is AFFIRMED

26   as MODIFIED.

27        IT IS SO ORDERED.

28   Dated: December 20, 2012

                              JOHN A. MENDEZ,
                         1.  UNITED STATES DISTRICT JUDGE