UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>SK FOODS, L.P., A CALIFORNIA PARTNERSHIP,<br><br>           Debtor,<br><br>―――――――――――――――――<br><br>NAGELEY, MEREDITH & MILLER, INC.,<br><br>           Appellant,<br><br>    v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br><br>           Appellee. | Case Nos. 2:12-CV-00940-JAM<br>          2:12-CV-00942-JAM<br>          2:12-CV-00943-JAM<br><br>Bankruptcy No. 09-29162-D-11<br><br>**ORDER DENYING APPELLANT'S MOTION FOR REHEARING/RECONSIDERATION** |

Before the Court is Appellant Nageley, Meredith & Miller, Inc.'s ("Appellant") Motion for Rehearing/Reconsideration (Doc. #26) of the Court's December 21, 2012 order ("Order"). Appellee Bradley D. Sharp, Chapter 11 Trustee, responded (Doc. #27). For the reasons set forth below, Appellant's motion is DENIED.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled

1

Appellant presents three bases for rehearing or reconsideration: (1) The Court did not consider the meet and confer requirements of Local Rule 37-251 ("Rule 251"); (2) Farella Braun + Martel LLP ("Farella") opposed Appellee's motion as an interested party at a time in which there was an on-going meet and confer duty; and (3) Appellant's actions were reasonable and the Court's award of sanctions was an abuse of discretion.

## I.  OPINION

### A.  Legal Standard

Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8015 provides that "a motion for rehearing may be filed within 14 days after entry of the judgment of the district court or the bankruptcy appellate panel" unless applicable local rules provide otherwise.  Fed. R. Bankr. P. 8015.  Bankruptcy Rule 8015 does not set forth substantive requirements for granting or denying a motion for rehearing, nor does it identify procedures the Court must follow in making its determination.  For this reason, courts in the Ninth Circuit turn to Federal Rule of Appellate Procedure 40 ("FRAP 40"), on which Bankruptcy Rule 8015 is modeled, for guidance.  See In re Hessco Indus., Inc., 295 B.R. 372, 375 (B.A.P. 9th Cir. 2003) ("Rule 8015 does not set forth standards for granting rehearing, but as that rule was derived from FRAP 40, it is appropriate to look there for guidance.")  (citation omitted).

---

for March 6, 2013.

2

Under FRAP 40, "The petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition." Fed. R. App. P. 40(2). Motions for rehearing are designed to ensure that the reviewing court properly considered all relevant information in rendering its decision. <u>Armster v. U.S. District Court, C.D. Cal.</u>, 806 F.2d 1347, 1356 (9th Cir. 1986). Moreover, a motion for rehearing is not a means by which to reargue a party's case. <u>Anderson v. Knox</u>, 300 F.2d 296, 297 (9th Cir. 1962).

B. <u>Discussion</u>

1. <u>Local Rule 251</u>

Appellant contends that the Court overlooked the meet and confer requirements set forth in Local Rule 251 ("Rule 251"). Mot. for Recons. at 4-5. According to Appellant, pursuant to this rule, the meet and confer requirements extended to the date of the hearing and by that time, Farella was counsel for the interested party. In addition, Appellant argues that Rule 251 requires Appellee's counsel to set up a conference and issue a joint statement. Appellee contends that the motion for rehearing should be denied because Appellant raises no new facts or arguments.

Rule 251 imposes a meet and confer obligation on "all interested parties in advance of filing the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion." L.R. 251. The rule directs the moving party's counsel to arrange the conference. <u>Id.</u>

3

In this case, Appellant has done nothing more than point its finger at Farella and Appellee. Appellant's argument that Farella was counsel for "interested parties" at the time of the hearing was briefed on appeal and the Court addressed the argument and ultimately dismissed it. Order at 9. Further, the fact that Rule 251 requires Appellee's counsel to arrange a conference makes no difference to the Court's previous Order because the rule imposes the obligation to meet and confer on "all interested parties," regardless of who held the responsibility to coordinate such efforts. Therefore, Appellant still had an obligation to meet and confer and it has made no showing of an attempt to do so. Consequently, Appellant's argument does not justify or explain its failure to meet and confer.

Accordingly, even taking into consideration the language of Rule 251, rehearing of the Court's Order is unwarranted.

### 2. Appellant's Remaining Bases for the Motion

The two remaining bases for this motion—Farella's role as counsel for the interested party at the time of the hearing and the reasonableness of Appellant's actions—were fully briefed, discussed, and dismissed in the Court's Order. Order at 8-9. Therefore, these arguments are a blatant attempt to reargue the case, which is impermissible in a motion for rehearing. Anderson, 300 F.2d at 297.

Accordingly, these bases are not appropriate for a motion for rehearing.

### 3. Motion for Reconsideration

Appellant uses the terms reconsideration and rehearing

4

throughout the motion, but does not specify whether it is moving for reconsideration in addition to rehearing. To the extent that Appellant is moving for reconsideration of the Court's Order, Appellant has failed to meet the requirements of Local Rule 230(j). Rule 230(j) requires an affidavit or brief setting forth, in part, "new or different facts or circumstances . . . claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

Because Appellant failed to submit an affidavit or brief with the requisite information, the Court denies Appellant's motion for reconsideration.

## II. ORDER

For the reasons stated above, Appellant's Motion for Rehearing/Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: March 11, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5